IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRIS L. MORRIS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 05-1078-CV-W-ODS |
| | ) | Crim. No. 04-00228-01-CR-W-ODS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1). For the following reasons, Movant's motion is denied.

## I. BACKGROUND

In June 1997, Defendant stole a Dodge Caravan. He pled guilty in Jackson County Circuit Court and began a three-year term of probation on November 5, 1997. Defendant continued to violate his supervision with subsequent violations of the law, drug use, failure to notify of employment and resident changes, absconding supervision, and failure to pay court-ordered payments. On September 15, 1999, Defendant was arrested for possession of a controlled substance. He began a five-year term of probation on March 20, 2000, which was revoked on October 2002 for law violations, residency and employment violations. He was paroled on March 12, 2003.

On April 28, 2004, Defendant was pulled over in Raytown, Missouri. A computer check revealed his driver's license was suspended and he was arrested. Defendant advised officers that two guns were under the seat and the vehicle was searched prior to towing. The officers located an unloaded New England Firearms Pardner 410-gauge shotgun and a loaded Mossberg .22 caliber rifle.

On August 30, 2004, Movant pleaded guilty in this Court to being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), without a written plea agreement. He was represented by David Owen, his court-appointed counsel. The

presentence investigation report (PSR) indicated Movant was on parole at the time he committed the instant offense. On December 9, 2004, during Movant's sentencing, the Court adopted both the factual findings and legal conclusions of the PSR without objections and granted Movant's Motion for a Downward Departure, reducing his offense level from 17 to 15 and maintaining his criminal history category at IV. Movant faced a sentencing range of 30 to 37 months and was sentenced to 30 months, followed by three years of supervised release. Movant did not appeal his sentence. Movant timely filed his section 2255 petition, which attacks his sentence on three grounds: (1) the Court failed to specify whether Movant's sentence was to be served consecutively or concurrently with his state sentence, (2) Movant's criminal history was increased because stealing a motor vehicle is not a crime of violence, and (3) Counsel was ineffective for failing to properly address the first two issues.

## II. DISCUSSION

### A. Consecutive Sentences

Movant argues he should be resentenced because when sentenced the Court did not address Movant's undischarged state term. Under 18 U.S.C. § 3584(a), "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The Court did not order the sentences to run concurrently, therefore they are to run consecutively. Movant's first argument is rejected.

### B. Motor Vehicle-Crime of Violence

Movant also argues the Court's determination that stealing a motor vehicle as a crime of violence was improper. To support this argument, Movant asserts the vehicle was already running with no one inside. It was taken without confrontation with law enforcement or potential harm to any person. When Movant was stopped and detained, the van was returned to its owner undamaged.

A petitioner may attack his sentence on four grounds for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law or (4) the sentence is otherwise subject to collateral review. Hill v. United States, 368 U.S. 424, 426-27 (1962). Movant does not appear to be

attacking his sentence on the first three grounds. He seems to be making an argument it is subject to collateral review. This is an issue that should have been raised on direct appeal and a §2255 motion should not be a substitute for an appeal. Poor Thunder v. U.S., 810 F.2d 817, 823 (8th Cir. 1987). Because Movant did not appeal his sentence, his procedural default prevents this Court from addressing the merits of the claim. Movant's second argument is denied.

C. Ineffective Assistance of Counsel

Movant argues Counsel was ineffective for failing to properly address his first two claims. The Court analyzes these claims under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [Movant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Assuming the performance was deficient, the prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

Id. (internal citations omitted). Failure to satisfy both prongs is fatal to the claim. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Movant first contends he received ineffective assistance of counsel because his attorney failed to clarify whether the federal sentence should be run consecutively or concurrently with the state sentence. As stated above, multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. By not clarifying with the Court, Mr. Owen did not stray outside of the wide range of professionally competent assistance. Movant does not identify any

grounds upon which the Court would have ordered his federal sentence to run concurrently with his state sentence.

Movant then claims he received ineffective assistance of counsel because Mr. Owen failed to object to the Court's determination that stealing a motor vehicle is a crime of violence. Crimes of violence include any offense that "presents a serious potential risk of physical injury to another. United States v. Sprouse, 394 F.3d 578, 580 (8th Cir. 2005). Theft of a vehicle presents a likelihood of confrontation as great, if not greater, than burglary of commercial property, and it adds many of the dangerous elements of escape. The crime involves a thief entering a vehicle at a time when the thief is likely to encounter a returning driver or passenger, a police officer, or a passerby, who may attempt to stop the theft. These encounters carry a serious risk of violent confrontation. Id. (citing United States v. Sun Bear, 307 F.3d 747,752 (8th Cir. 2002)). Because this is a correct legal conclusion, Movant was not prejudiced by his counsel. Therefore, Movant's final claim for ineffective assistance of counsel fails.

## III. CONCLUSION

For the foregoing reasons, Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATE: March 1, 2006                    /s/  Ortrie D. Smith
                                       ORTRIE D. SMITH, JUDGE
                                       UNITED STATES DISTRICT COURT